The afternoon is in re the Estate of Orr for the appellant Miss Cherry for the appellee Mr. Anastas. Anastas, thank you. You may proceed. This is before the court basically on an appeal from a denial, a granting of summary judgment to Mr. Orr, denial of summary judgment to our client, based essentially on the same question, which is what does a certain provision of the will of an Annette Orr provide? If it is unambiguous, what does it say? If it's not, if it is not unambiguous, then there's a summary judgment would have So the first question is what does it provide and is that provision unambiguous? We submit that this provision is unambiguous and what it provides is this. Mr. Orr was given by his mother an option to purchase real estate within one year. He did not do the purchase within one year and the will provision also provided that if the purchase did not occur within the year, the option lapsed. And so it is our position that the option lapsed because the purchase did not take place. The trial court ruled that the provisions did not require the purchase to take place within a year based on a statement that or a feeling that the word complete had not been used in the final sentence of the provision. What it really comes down to is the final sentence of the provision. And while it did not use the word complete, it did use the word purchase. And inherent in purchase is that you have the transaction. And what it said is in the last sentence that the purchase There must, let me back up a second. First of all, the whole will needs to be viewed in its entire, with all of its language. And particularly this provision. And in this provision, there's three sentences. The first sentence gives an option to purchase within one year. That's the option that he's given. The second sentence says he has to give notice that he's going to exercise the option. The third sentence says basically even after he gives notice, he then must proceed to purchase within the year. You say basically, where does it say must proceed within one year? The first sentence is I give the option to purchase within one year. That says the term for purchasing is one year. The last sentence says that he must proceed to purchase within a year. It doesn't say must proceed to purchase in a reasonable way. It doesn't say proceed to purchase in a, it says proceed to purchase within a year. Which takes me back to the first sentence, and I look to the option. The option to purchase. The option, it doesn't say I give him an option for one year to exercise the option. It says his option is to purchase within a year. That's his option, to purchase within a year. It's not I give him a one year option. So I believe that that first sentence says the time for him making the purchase is the year. And the last sentence also says I give and grant an option to purchase. An option to purchase. And in the third sentence, it talks about proceeding to purchase, which takes, just in my reading of the four corners of language as drafted, back to paragraph one, speaking to an option. Your Honor, first of all, the sentence is an option to purchase within a year. It's an option to purchase for cash within a year. So the, I mean, you can say he's given an option to purchase, but his option is to purchase within a year. If you drop off within a year, you're taking out an essential part of the sentence. And also, Your Honor, if in fact, Annette Orr did not contemplate that this purchase would take place within, I mean, there's no language here to suggest she had any other mind other than it would be completed within a year. Because she makes no provision if it is not completed within a year, number one. Number two, I also would note there's another provision in the will for another child to be able to acquire some real estate. And there's a term of year for that provision also. And if you take ordinary customary meaning, I believe that this paragraph says the purchase is to take place within the year. The suggestion that because of the word proceed, somehow it means something different. Because there are different definitions of proceed. And one could be beginning a course of action. And one could, he's, Mr. Orr, his attorney, sets out several alternative definitions. But ordinary customary meaning, to me, if you say you must proceed to do something within a certain period of time, that means you must do it within that certain period of time. And what he is to proceed to do is purchase within, well, the last sentence is within the option period. But I don't believe there's any dispute by option period is meant a year. That isn't disputed by Mr. Orr at all in any point that that time period. So he is to proceed to do it within the year. That, to me, is, if you read it, that is what anyone reading this provision would normally think that's what that says. And as I already stated, there's no other caveat in this will suggesting that Annette Orr intended anything different, intended that it not be completed within a year. If, and actually I would point out, and I think I sort of point out this in my reply brief in my brief, each time the court or Mr. Orr is talking about what this says, they say he was proceeding with the purchase or he was proceeding toward the purchase or to the purchase. But at no point do they recognize that what the language is, is proceed to purchase within the option period. And again, option period, by everyone's interpretation, means a year. And it says proceed to purchase within a year. He has a year to give notice, though. Well, he has to give. Second sentence. Your Honor, I would actually suggest that what was being said was, first of all, you have to give notice. But that's one of the reasons for that third sentence is to say not only do you need to give notice, but you need to proceed to purchase within the year. Yeah, but it seems to me we have to read all three of those sentences. And the second one says the option shall be exercised by written notice within the year. So that would, to me, make sense to read as though it could have been the 365th day, and that would have been within the year, to give notice of the option. If the word notice had not been in that sentence, I think your argument would be stronger, your comment on that. Does the word notice mean anything, I guess, would be my question. I believe that it's saying that he has to give notice that he's going to do it. And he has to do it within the year. Otherwise, your Honor, what is the reason for having the third sentence, which says and proceed to purchase within the year? If all he needed to do was give notice within the year, there wouldn't be a reason for the third sentence. I'm not trying to argue with you, but how about this argument? Without trying to argue with you, how about this suggestion to you? I actually prefer it. He gives the notice within the one-year period, and then he starts the process of whether it's entering into a contract, getting the financing or whatever, of proceeding to the purchase. Why wouldn't that be a reason for that third sentence and how it was a follow-up to the second sentence? Well, first of all, the third sentence isn't saying proceeding to the purchase. It is saying proceed to purchase. Okay, you lost me here. What's the difference? Well, if I am told by someone, you must proceed to do something within a certain period of time, I understand that to mean I must do that thing within a certain period of time. Not I must be taking steps to do it. I must be proceeding to do it. It's I must proceed to do it within that period of time. That's what I would understand if the court tells me I have to file a motion and I must proceed to do it within a certain period of time. I take it I need to get my motion filed within that period of time. And not that I should be taking steps toward preparing the motion or, you know, assembling the evidence or something that I need to do within that certain period of time. And, again, it doesn't say proceeding to do it. And, again, also, if that was contemplated, that it wasn't supposed to be done within that year, then there would have been other provisions for, okay, then how do we determine when he gets this done? May I interject? Yes, sir. And I believe I'm dovetailing on something that Justice Turner was just asking about. So sentence one is an option of purchase. I think we all agree on that point. Sentence two is a notice provision. Sentence three begins this way. In the event my son does not exercise an option, that, to me, raises a lapse clause. Does it not? Not taking advantage of the option. So what happens next? Where do we go if son doesn't execute the option? But it doesn't just say if he doesn't execute the option. It says if he doesn't execute the option and proceed to purchase within the year. Well, then we look to the facts of the case, and perhaps there were some efforts to proceed, and we go down that route. But here's my point. It doesn't say efforts to proceed. It doesn't say, you know, take a few steps to. It says proceed to purchase. And I don't think you can't – everybody's sort of dropping off that to purchase within the year part and also suggesting that by the – when isolating the term proceed and saying, well, proceed could mean just starting to take baby steps. But in the whole context of that sentence, ordinary customary meaning to me is it means you are proceeding to purchase within the year. That's what you need to do or else the option lapses. So that's my – basically the crux of the argument of why we submit it is unambiguous and that the purchase needed to take place within the year. The only thing that's needed to effectuate the purpose is the signature on the check in the banker's office. Hypothetically. Certainly for him to do it. Hypothetically and at the moment that he picks up the pen he has a heart attack. So the check is not signed until two weeks later after recuperating in the hospital. Does that make a difference? Your Honor, there are – the first question is what does the will provide? No, the will provides exactly this. Exactly what it says here. But then I think what Your Honor is getting into, I believe, is is there some other defense he could have? Some equitable defense because of impossibility to do it. But there are certainly cases – the first issue is what does the will provide? And if it provided that it lapsed at the end of the year. I mean, again, she didn't make provision for well if there's a good cause for not doing it. It said, you know, if it lapses at the end of the year. She also didn't make a provision for completing. Your Honor, if she says – Using the word complete. She didn't use the word complete. Purchase must be complete. But a purchase – you don't have a purchase unless you have the transaction. I mean, inherent in the term purchase is the exchange, the consideration for the property. Well, what if it said exercise the option and purchase the real estate within the option period? Leave out the word proceed. Certainly, in hindsight, that would be preferable. Not only would that be preferable, that would win your argument, wouldn't it? That would win – The absence of the word proceed would mean that the purchase had to be completed within the option period. That is true. That's one way to argue it. That is true. But the question is, does insertion of the word proceed change that meaning? And I submit that it does not change the meaning. Because what it means is he has to continue on the course of action, which is to purchase the property within the year. Can I follow up on Justice Grant's question? Yes. And so in his hypothetical, with your argument that you're posing here today, the person passes away and there's no closing. Is that then a completed purchase? Well, first of all, I mean, the term closing – closing is we're all going to get together and we're going to do this exchange. Okay. I'm sorry. Okay. So, you know, there doesn't have to be a closing. But the consideration, the agreement's been made, the consideration's been tendered. We have a deal and someone passes away. Then I was – not having researched this entirely, but I would think if you tendered your – if he had timely tendered the consideration, then we would have a different situation perhaps. But that had not happened. And that was – so – and again, what I was starting to respond to with regard to Justice Connick's question is there may be some types of equitable remedies if you don't meet – and I don't know that for certain. That was not a cause of action that was put. And that was not the basis of the trial court's ruling here. So that's not really the issue. I understand that. Right. That's why I phrased it as a hypothetical. Yeah. But – yes. But just because there might be that sort of result doesn't mean that that isn't what the will contemplated, was that this purchase take place within the year. And if it didn't take place within the year, then it lapsed. The second point I make in my argument is – or the second argument I make is if the court finds that it is not unambiguous that the purchase needs to be within the year, then because of the use of the word proceed instead of complete, I would submit that at best this is an ambiguous term because it all seems to be hinging on what does the word proceed mean and using which definition of proceed are we going to use. And again, it's not consistent with other provisions of the will where there was a one-year period to do it. But there would need to be extrinsic evidence of what, if it's ambiguous, of what Mrs. Orr's intent was. And we don't have that here. And summary judgment would not have been appropriate in the context that it was here. And just to mention that the situation here was there had been a motion for summary judgment. There were certain affidavits attached. There were other documents that weren't verified and weren't supported by affidavit. There was a motion to strike portions of those. So if the trial court was wrong in holding that it unambiguously provides that the purchase did not have to take place within the year, then there are still those issues, too, that would be pending unless it is agreed that it unambiguously provides that the purchase did have to take place within a year. It's not disputed that it did not. Unless the court has any further questions, I probably belabored my point. Thank you. Thank you. Please report, counsel. My name is Terry Anastas. I'm here as the attorney for Daryl Orr. Daryl and Dwight Lynn are also observing here in the courtroom this afternoon. I want to apologize in advance. I don't have a good voice. I'm tailing the cold. So if you can't hear me, please ask me to repeat it. I'll try to do better. There's only one reason that we're here today, and that reason is not because of anything that Daryl did or did not do. That's because the executor was unable to perform to complete within a year. Now, we can look at all sorts of other scenarios, whether the facts would have been, was he taking some partial steps towards being prepared for closing. That's not the case here. Daryl had done everything that needed to be done to close this transaction. The only thing that remained was getting either executor's deeds, probating a state of Donald or the father who had passed five years earlier, or getting these quick claim deeds from the heirs of Donald, which is what was represented by executor's counsel, that that's the process that they were going to follow to get this transaction completed. All those things were on their time. Any delay was their responsibility. So should Daryl now be penalized, when he followed the strict terms, which he gave the written notice of his intense exercise option within the 12-month period, he had done everything. Not only was he proceeding, he was ready to roll. He was ready to go. But the executor could not complete. And from the indications from counsel for the executor, and backed up by the affidavits of the appellant, Cheryl Womack, the main reason for that was she decided not to sign a quick claim deed to transfer her interest in the property. Now, there's no indication given in affidavits filed to counter the summary judgment motion on what other facts would have been there to show that Daryl should have done something else. The only thing that we're talking about is this issue about was it up to him to make this happen, to make it happen within the one-year time period. And that's an impossibility. I think that's certainly a factor that this Court can consider. I think that the trial court looked at the language that this Court has just been asking about and interpreted it by using the dictionary definition of the words that were included. We can't say, well, we wish they wouldn't have had it proceed in there because that muddies the waters. As far as Ms. Womack is concerned, she can make that argument. But that ignores the fact that we presume that every word that's included in that will was intended to be there. And when you give the plain meaning to the language, again, there was no requirement that everything had to have been completed within the one-year period. And that's our position that we took in the trial court. That was the basis of the trial court's grant of summary judgment motion. And that's what we've got here today. I would submit that if there was anything else that should have been done by Daryl Orr, we would have seen some sort of affidavit on it. We would have seen some kind of counter to our summary judgment motion where they would have said, no, he didn't do X, Y, or Z, but that was never presented to the court. So what made this complicated? Did Ms. Womack have to execute a quick claim deed? No, she didn't have to. And apparently she never will. But the executor represented that that's the route that they were going to take to get this closed. The other alternative would have been to probate Donald's estate, and that's the option that's going to have to go forward to get this done. But at the time, when we looked at getting close to that anniversary of that one-year period, the executor's attorney represented that they were going to go by using the quick claim deeds. Should that have been pled that I was thwarted in further completing the purchase because of this extraneous refusal or this refusal based on other reasons to sign a quick claim deed? Should that have been part of the case? I think it could have been. I don't think it was. I think that would be a separate cause of action. I think we still have a cause of action for breach of contract. The purchase agreement was signed saying that the executor would sell under these terms and the executor didn't perform. That would be a separate cause of action. That would be against the executor because the executor didn't perform what he or she suggested they would. That's the way I would see it. And I think under the circumstances, we have an executor that's not in disagreement. We don't have any reason to sue the executor. The executor wants to get past Ms. Womack's objection here so that they can complete the deal. And I understand this is either speculative or outside the record that but for this legal question, which will have to be answered, that there are means by which the executor could free up the property to be sold to the person that held the option. Yes. But if the option has expired or if Ms. Cherry's argument prevails, then it doesn't make any difference what the executor does. I think, and I'm not sure if I followed that question. I think the first point is that the estate of Annette Orr will be vested with full title to the property. At some point. Because the Donald Orr estate is being probated and they will be able to transfer it. Annette survived Donald. She inherited all of his estates. So she would have inherited his interest in this tenancy and common property. So the Annette Orr estate will have clear title to all the property. You answered my question whether it was a good one or not. Thank you. Counsel raised points about some of the things that I'm arguing about. But the email that was attached to the summary judgment motion and whether the court should have considered that and whether that was improper because it wasn't a certified email. I'm going to plead ignorance here because I'm not sure I know what the heck a certified email is. But I do know that we pled it clearly. That the documents that were attached to that email were the deeds that were prepared by John Longlet, who was the attorney for the estate. We know that Longlet and their trial counsel, Drew Schnock, have agreed with our positions throughout the trial court. Actually, in the entry of appearance that Mr. Schnock filed in this court, he restated that agreement. They agreed to everything that was in our position. If there was some issue about the veracity of the email or the attachments, the deeds that were incorporated in our motion for summary judgment affidavit, then Ms. Womack could have challenged that in the trial court, but she never brought anything up to challenge that. There was no dispute that those were legitimate documents that were presented. So how is that significant? Well, it's significant because Darrell, on the eve of the expiration of this one-year anniversary, is told we've got all the deeds lined up. We're expecting to get the Womack deed signature the Monday following the email. Let's close this with the bank as soon as we can. So that's what we're working off of. That's the understanding we have from the executor. And then the date runs out and we get this affidavit filed by Ms. Womack in support of their summary judgment motion saying that, oh, I had this email that I received the deed within a day or so prior to the anniversary date. The reason I did not sign the deed that I was asked to sign was because there was a dispute over another house with the executor that had absolutely nothing to do with Darrell. So she acknowledges that she had a deed, she was asked to sign it, and for some other reason, which that was her prerogative not to sign it, but we didn't know that. We didn't have any reason to think that this deal was not going to go through. Darrell did everything within his power to make that happen and to close the transaction. So he absolutely was taking steps that would satisfy anybody's definition of was he proceeding. He was to the finish line. The other guy wasn't on the other side of it to hand him the deed, though. That was the only reason why we didn't get it done. So, yes, he proceeded, and I think fit clearly within the language of the option provided in the will on what he was doing. You can't close, you can't complete a deal with one side. It takes a deed on their part to have completed it. There was just nothing else that he could have done. Counsel, did I understand you earlier to say that Donald's state estate will have to be probated? It is actually being probated. It is being probated. Waiting for the result of this. I ask that question because it seems odd to me that the trial court would have the authority to order Womack to sign a deed, which was quiet title, because this was filed as a quiet title action. How do you respond to that? I don't think the court would have had authority to order her to sign a deed. I think it was represented that she was going to voluntarily do that, and that's what was told to us. How is this an action to quiet title? The action to quiet title really was resolved by all parties agreeing, and I don't want to overstate this. That's not an issue that had to be resolved for the court to do what it did here, because we were talking purely about the specific performance. I don't think anybody was disputing, even Ms. Womack was disputing, that Annette's estate ultimately is entitled to 100% ownership of that property, whether that was either going to be by deeds from the heirs or by probating Donald's estate and getting an executive deed. So as to the formality of what's at stake, what hoops do we have to jump through to satisfy the title company, it's going to be probating Donald's estate, getting an executive deed from Donald's estate to Annette's estate, and then Annette's estate can convey full property title out. Does that answer your question? Maybe. So what difference does it make with these court rules, I guess, would be my follow-up question. Well, the difference, I guess, would be if there's a determination that Daryl's right to exercise his option was automatically cut off at the end of that one-year period, then even though Annette's estate would own the property, that doesn't mean that Daryl... I'm sorry? That question would be part of the action to quiet title. The action to quiet title, to back up a little bit, I say the easy thing is, well, Donald's estate's being probated. At the time this was going on, we didn't have Donald's, or at least Daryl didn't have Donald's original will, we didn't know what the status was, we didn't know where that was going on. So that really, at the time that this was being filed, that really wasn't the best option available. So at this point... Well, I guess, regardless of my questions, that has not been an issue. What I'm making an inquiry about has not been an issue. The quieting title to the property has not been, correct. In conclusion, if there aren't any further questions, Your Honors, I would request that the court follow the wishes of Annette Orr as they are stated, read the language, as I'm sure the court has done and will do, look at the cases, and in conclusion, we'd ask that the court affirm the trial court's judgment, summary judgment in favor of Daryl. Thank you. Thank you. Thank you. Rebel is here. Counsel argued, basically, getting into facts that might make it seem equitable for Daryl to be able to purchase this real estate. As I discussed a little bit earlier, the posture in which this was in front of the trial court was there had been a motion for summary judgment, there had been certain documents attached and certain allocations made, some of which were supported by an affidavit, some of which were not, and there was a motion to strike. There was another affidavit filed, and there was a further motion to strike, based on that some of the assertions, factual assertions being made, were not properly supported by verification and affidavit as they are required to be under Supreme Court Rule 191. The trial court did not address that, and the posture was, on behalf of Ms. Womack, doing that motion to strike so that his proper pleading, his pleading was properly supported, in order to then know what one had to respond to in terms of verification in response. What happened was that the trial court heard argument and then basically went ahead and said, I find that this is unambiguous, he didn't have to have made the purchase by that time, there's enough verified items, and I think he listed three things, that he had done, so he was proceeding to purchase, proceeding with the purchase, and therefore I grant him summary judgment because I find this unambiguous. Now, if he is wrong and the purchase had to be done within the year, then it's wrong, but otherwise what Mr. Anastas was talking about was not addressed by the trial court, he didn't, and nor was there a full fleshing out of, if he is claiming some equitable basis for excusing him from not completing the sale. We don't know the full circumstances yet. While he says, well there were these problems, that's not evidence yet, that's not verified yet. He didn't start, what is undisputed is he didn't start doing this, as far as we know, until December, and then there was a time until March, and basically a few days before the deadline, then there's some more things going on, so whether or not exercised reasonable diligence, we don't know that, and I would assume that that's probably part of an equitable remedy he might have. Are you saying that giving written notice that you intend to exercise your option within four months of the time period when the option would have expired, it wouldn't be reasonable? If the transaction is supposed to be completed within the 12 months of her death, and you're saying I couldn't complete it for certain reasons, then I think part of it is what diligence he pursued in getting that transaction completed, and again there was no... And allowing four months to complete the transaction would not be a reasonable position? Your Honor, what if he gave the notice, and then didn't do anything for three months, and then suddenly three months later, what if they had noticed that there was this title problem long before December? I mean, there is some reference in some of the communications that there was some title problem recognized before December, whether it was this one or another one, I don't know, and we don't know, and that was not the issue that was addressed and resolved by the trial court, and it's not really the issue on appeal. If there is some equitable remedy, it really wasn't pled. There was no, you know, for these reasons and on this basis of this case law or this statute, I have an equitable defense to this deadline. That wasn't pled, that wasn't at issue. The questions we asked were designed to flesh out the whole set of circumstances that are before us, but I think we understand that the singular issue on appeal is the language of the will, and whether it is ambiguous or unambiguous, and whether the trial court's decision is correct. Would you agree that if his decision is correct, and you are on the losing side, something is going to happen below, whatever that is? Are sales going to be effectuated, or are there going to be other activities? I believe I would agree that if the court was correct that the purchase didn't have to occur within the year. But if you are correct, there's still going to be activity below, and that activity is probably not going to result in him being able to purchase the property at the price agreed upon. That's what would appear to happen. That would appear to be the case. As far as I'm concerned, the only thing at issue is the meaning of the will. I don't disagree, Judge. But we did ask a lot of additional questions. And I just wanted to be clear on, and I think in my reply brief also, with regard to this issue of when this deed was tendered to my client, I think I go through it at length. It was tendered to her on the 364th, on the anniversary. That's when it was tendered to her, and the closing wasn't going to take place. The failure of the closing to take place within the year was not because she didn't sign that deed. Again, Judge. Because it wasn't going to, even if she signed the deed that day, the closing wasn't going to occur. And there was no money being tendered that day. In fact, there's no statement of when the money was going to be tendered. But those issues are the ones relevant below, because the issue is the language of the will. I agree, Your Honor. It's just sometimes one doesn't know for certain what strikes the court as material. And you want to make sure we don't go too far afield in ruling. Whichever way. Thank you, Your Honor. Thank you, counsel. Take the matter under advice.